[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Angel Rivera, claims that two security guards who were employed by the defendant, Stop Shop Holding, Inc., used unreasonable force when detaining him for shoplifting and caused him to suffer a fractured rib and low back pain. For the reasons stated below, the court finds the issues for the defendant.
The court finds the following facts. The plaintiff had been employed by the defendant but was terminated a week before the shoplifting incident. On July 18, 1996, he returned twice to his former place of employment to CT Page 4798 pick up his final paycheck. After he was told on the second occasion that his check was not ready, he became upset, walked around the store, and picked up two cartons of cigarettes. He left one carton on a store shelf and placed the other in his waistband, secreting it under his coat. He then left the store.
Two security guards followed the plaintiff outside. One of the guards, Manuel Santos, identified himself as "security." The plaintiff thereupon ran, leaving behind his son, who was five years old. The guards chased the plaintiff and caught him between two parked cars. The guards, after the plaintiff swung at them, held him against the hood of a car and thereafter walked him back to the store with each guard holding one of the plaintiffs arms. The Fairfield Police were summoned.
Fairfield Police Officer Gregory Gunther responded and arrested the plaintiff for shoplifting. Officer Gunther handcuffed the plaintiff and drove him to the Fairfield Police Department where the plaintiff for the first time complained of left-rib pain. Officer Gunther did not observe any injuries. The plaintiff told Officer Gunther that he was going to sue the defendant. An ambulance service was summoned. While being transported to St. Vincent's Medical Center, the plaintiff complained of left-rib pain. He did not complain of injuries to his head, neck, shoulder, back or hip. The plaintiff was thoroughly examined at the hospital and, after his release, sought chiropractic treatment and physical therapy. The plaintiff plead guilty to the larceny charge.
In finding these facts, this court has found the testimony of Manual Santos, who is now a Bridgeport Police officer, to be credible. The plaintiffs testimony, on the other hand, was at times inconsistent with what he stated during his deposition and with what medical care-givers reported that he stated to them about his medical history. The plaintiffs version of what happened, which is that the security guards beat him up in the parking lot for ten minutes, is not persuasive. With respect to the alleged injuries, an expert called by the defense, Dr. Martin L. Sumner, reviewed the plaintiffs medical records, including reports of MRIs that were performed at St. Vincent's Medical Center, and gave rational reasons why the findings and prognosis of the chiropractor who treated the plaintiff were inconsistent with the medical records. Dr. Sumner concluded that the plaintiff "most likely did not have a rib fracture."
The court concludes that the security guards had reasonable grounds to detain the plaintiff for shoplifting, see Gen. Stat. § 53a-119a, and that the force they used was reasonable under the circumstances. See Gen. Stat. § 52a-22 (f). Accordingly, judgment shall enter for the defendant. CT Page 4799
THIM, J.